THOMAS, J.
Appellant appeals the hearing officer’s final order upholding Appellee’s (“the Agency”) action approving 6 hours of personal care assistance rather than the requested 9.173 hours. Appellant raises three arguments on appeal: (1) the hearing, officer erred by applying a more restrictive definition of medical necessity, (2) the order is not supported by competent, substantial evidence, and (3) the Agency failed to meet its burden of proof that the reduction of hours was warranted.
As a minor child receiving Medicaid services, Appellant qualifies for Early and Periodic Screening, Diagnosis, and Treatment Services (EPSDT), a mandatory Medicaid service. § 409.905(2), Fla. Stat. (2005). The Agency must provide all services which it determines are medically necessary for the treatment, correction, or amelioration of Appellant’s condition, including personal care. Id. Medically necessary, or medical necessity, is defined in rule 59G-1.010, Florida Administrative Code (2005).[1]
*1004 Appellant argues that this definition is more restrictive than the federal definition because it does not include providing the services necessary to sustain or support a disabled child’s care, but only covers those services necessary to treat or correct a child’s disability. While the Agency agrees that a more restrictive definition is impermissible when applied to EPSDT, a mandatory Medicaid service, it argues that a more restrictive definition may apply to optional Medicaid services, such as Appellant’s waiver services. See § 409.906, Fla. Stat. (2005). We find the Agency’s argument is without merit. See Tallahassee Mem’l Reg’l Med. Ctr. v. Cook, 109 F.3d 693, 698 (11th Cir.1997) (explaining that even when federal law does not require in-patient psychiatric treatment in their EPSDT program, when a state elects to provide an optional service, that service becomes part of the state Medicaid plan). We affirm the order on appeal, however, because we find the hearing officer’s findings are supported by competent, substantial evidence.
We find the situation here distinguishable from C.F. v. Department of Children and Families, where the Third District reversed a hearing officer’s final order, reasoning the hearing officer erred by applying a more restrictive definition of medical necessity to deny personal care assistance hours. 934 So.2d 1, 5 (Fla. 3d DCA 2005). As in C.F., Appellant receives his personal care assistance services through a Medicaid-funded Home and Community Based Developmental Services waiver program, an optional Medicaid program under section 409.906, Florida Statutes. Id. at 6. In C.F., the Agency denied certain personal care assistance hours because the personal care assistant helped in taking care of the disabled child, but nothing the assistant did during the disapproved hours treated his disability; thus, the hours were denied based on an impermissible definition. Id. Here, the hearing officer denied 3.173 hours of personal care assistance, finding these hours to be unnecessary, because Appellant was asleep during some of this time, and duplicative. We find that the hearing officer did not apply an impermissible definition of medical necessity in denying these hours, but instead relied on established facts to justify the reduction in personal care hours.
We find the hearing officer’s final order is supported by competent, substantial evidence and therefore affirm. Appellant’s third issue raised on appeal is affirmed without comment.
AFFIRMED.
BENTON and HAWKES, JJ., concur.

.Rule 59G-1.010, Florida Administrative Code (2005), states:
(166) ‘‘Medically necessary” or ‘‘medical necessity” means that the medical or allied care, goods, or services furnished or ordered must: .
(a)Meet the following conditions:
1. Be necessary to protect life, to prevent significant illness or significant disability, or to alleviate severe pain;
2. Be individualized, specific, and consistent with symptoms or confirmed diagnosis of the illness or injury under treatment, and not in excess of the patient's needs;
3. Be consistent with generally accepted professional medical standards as determined by the Medicaid program, and not experimental or investigational;
4. Be reflective of the level of service that can be safely furnished, and for which no equally effective and more conservative or less costly treatment is available; statewide; and
5. Be furnished in a manner not primarily intended for the convenience of the recipient, the recipient's caretaker, or the provider.
(b) “Medically necessary” or "medical necessity” for inpatient hospital services requires that those services furnished in a hospital on an inpatient basis could not, consistent with the provisions of appropriate medical care, be effectively furnished more economically on an outpatient basis or in an inpatient facility of a different type.
(c) The fact that a provider has prescribed, recommended, or approved medical or al *1004 lied care, goods, or services does not, in itself, make such care, goods or services medically necessary or a medical necessity or a covered service.